UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BURVIN STEVENSON,

    Petitioner,

v.                                  Case No. 2:04-cv-31
                                       HON. RICHARD ALAN ENSLEN

FABIAN LAVIGNE,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Burvin Stevenson filed this petition for writ of habeas corpus challenging the validity of his state court convictions for assault with intent to commit murder, possession of a firearm during the commission of a felony, and as a habitual offender. Petitioner was sentenced to a prison term of one year and seven months to 30 years and a term of two years on the firearm conviction.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

Petitioner has raised the following issues in his petition:

I. Petitioner's plea and conviction is invalid and devoid of constitutional protection under the Fifth and Fourteenth Amendment.

II. Petitioner's Sixth Amendment right was violated due to ineffective assistance of counsel.

III. Petitioner's conviction and sentence violate Supreme Court standards which is a direct violation of his constitutional rights.

Petitioner filed a motion to amend his petition for writ of habeas corpus to assert the following claims:

> I. Where both defense counsel and the prosecution were informed of petitioner's psychiatric history, and where the issue of petitioner's competence to stand trial was raised before the start of the preliminary examination for a competency hearing, and petitioner was later evaluated and ruled to be incompetent to stand trial, the district court and circuit court were without competent jurisdiction to proceed against petitioner to conduct a preliminary examination, bind petitioner over to circuit court, and to accept a plea of nolo contendere or sentence petitioner on the plea.
>
> II. That on June 10, 1999, defendant was determined incompetent to stand trial. Nevertheless, subsequent court proceedings were held resulting in a jurisdictional defect wherefrom statutory mandates prohibit proceeding against defendant until which time it was determined defendant was competent to proceed in the criminal proceedings after proper mental health treatment was had in conjunction with statutory mandates governing time limitations.
>
> III. That defendant was denied effective assistance of counsel when counsel failed to object to subsequent hearings to advance the criminal proceedings during the time period where there existed a question of defendant's competence, and after defendant had been determined incompetent.
>
> IV. That it was prosecutorial misconduct to proceed against defendant during the time period when it was determined that defendant was incompetent to stand trial. As such the prosecutor actively participated in denying defendant due process of law, and further failed to remand as initially agreed at the district court preliminary examination.
>
> V. The circuit court judge abused his discretion when a remand to district court was not ordered after defendant was determined incompetent to stand trial, and in accordance with the stipulation to remand that if defendant is found to not be competent at a time when he would be restored to competency the matter could be remanded, if necessary. That the necessity to remand exist for a proper determination of defendant's mental capacity at the time of the offense.

> VI. That specific performance and strict compliance with statutory provisions is mandatory and judges are expected to adhere to all statutory provisions when conducting the business of the court, failure to do so without proper explanation and/or authority to deviate from statutory mandates results in substantial prejudice to defendant in the criminal proceedings requiring remand to cure the defect of any substantive procedural due process protections and other errors of law resulting from statutory violations.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite

to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.*

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 577 U.S. 1040 (1999).

Respondent argues that petitioner's claims are barred by the statute of limitations period. The one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), became effective on

- 4 -

April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 ("AEDPA").  The one-year statute of limitations provided in § 2244(d)(1) is new, as there previously was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest ofS
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner was sentenced on May 10, 2001. Petitioner never filed a direct appeal of his conviction and sentence. Accordingly, the statute of limitations began to run on May 10, 2002, when petitioner could no longer file a delayed application for leave to appeal. Respondent argues that Petitioner filed his state habeas application on April 21, 2003. However, April 21, 2003, is the date that the Michigan Court of Appeals denied petitioner's motion for a rehearing of the denial of petitioner's state writ of habeas corpus. The Michigan Court of Appeals denied the writ on March 21, 2003. Petitioner filed his habeas application in the Michigan Court of Appeals, at the latest, on February 7, 2003. This tolled the running of the statute of limitations period. The Michigan Supreme Court denied petitioner's application for leave to appeal on October 31, 2003. Petitioner had an additional 90 days to file a petition for writ of certiorari in the Supreme Court. That period ended on February 17, 2004, ending the tolling period. Petitioner then filed this habeas corpus petition on March 1, 2004, well within the one year statute of limitations period. Accordingly, respondent is incorrect in asserting that the petition is barred by the one year statute of limitations period.

Accordingly, it is recommended that the court deny respondent's request to dismiss the petition, grant petitioner's motion to amend the petition (docket #49), and order respondent to file a proper answer to the petition.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of

this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                            */s/ Timothy P. Greeley*
                            TIMOTHY P. GREELEY
                            UNITED STATES MAGISTRATE JUDGE

Dated:  September 12, 2005