UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BURVIN STEVENSON,

    Petitioner,

v.                                      Case No. 2:04-cv-31
                                          HON. RICHARD ALAN ENSLEN

FABIAN LAVIGNE,

    Respondent.
_____/

**ORDER DENYING MOTION FOR BOND
PENDING HABEAS CORPUS PROCEEDINGS**

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. Presently pending before the Court is Petitioner's motion for bond pending decision of this habeas corpus matter.

The ability of a habeas petitioner to seek bond before adjudication of his habeas corpus claim is not firmly established in this circuit. In *Sizemore v. District Court*, 735 F.2d 204 (6th Cir. 1984), the Court of Appeals disapproved release of a habeas petitioner prior to a determination of the merits of the petition. The court indicated that the district court may release a petitioner on bail "upon granting the writ." 735 F.2d at 208 (emphasis in original). In a later case, *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990), the Court of Appeals recognized situations in which the district court may grant bail pending a decision on the merits of a habeas corpus petition. The *Dotson* court indicated, however, that the power to release a petitioner on bond must be exercised sparingly and only in the presence of exceptional circumstances. *Id.* at 79. In light of this more recent

pronouncement of the Court of Appeals, this Court concludes that release of a habeas petitioner before adjudication of the petition is available in this circuit, but only in exceptional circumstances.

Under *Dotson*, a prisoner seeking release on bond "must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of some 'circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice.'" 900 F.2d at 79 (quoting *Aronson v. May*, 83 S. Ct. 3, 5 (1964) (Douglas, J., in chambers)). The habeas petitioner, who is incarcerated under a presumptively valid criminal conviction, is on a much weaker footing than a pretrial accused or even a convicted defendant waiting appeal. *See Ostrer v. United States*, 584 F.2d 594, 599 (2d Cir. 1978).

Applying the two-prong test in *Dotson*, this court finds neither a substantial claim on the merits of the petition nor exceptional circumstances deserving special treatment in the interest of justice. Petitioner's motion is perfunctory and states no substantial basis for the extraordinary relief he seeks. His challenges to the legality of his continued confinement have been reviewed and rejected in the state courts, and Petitioner has not clearly demonstrated that the disposition of his claims was contrary to federal law or was an unreasonable determination of the law or facts. 28 U.S.C. § 2254(d). Relief, if any, must await review of the state record. Accordingly:

**IT IS HEREBY ORDERED** that Petitioner's Motion for Bond (Dkt. No. 75) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>April 18, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |