UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BURVIN STEVENSON,           Case No. 2:04-CV-31

    Petitioner,          Hon. Richard Alan Enslen

v.

FABIAN LAVIGNE,
         **ORDER**

    Respondent.      /

This matter is before the Court on Petitioner Burvin Stevenson's Motion to Stay the Judgment and Revival of the Proceedings. Petitioner requests the Court reinstate the proceedings which were dismissed without prejudice on July 3, 2006 at his request. The Court previously ordered Petitioner's counsel to brief the issue no later than April 5, 2007. On March 29, 2007, Gary Margosian informed the Court by letter that he is not Petitioner's counsel in this matter. Petitioner has since briefed the issue himself in his Motion to Reinstate Habeas Corpus. Accordingly, the Court will now address Petitioner's Motion to Stay the Judgment and Revival of the Proceedings and treat the Motion to Reinstate Habeas Corpus as a supplement to the previous Motion.

Petitioner requests the Court reinstate his habeas action because he mistakenly requested its dismissal without prejudice. The Court construes Petitioner's Motion to Stay the Judgment and Revival of the Proceedings as a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). In the instant case, the Court liberally construes Petitioner's Motion as requesting relief under Rule 60(b)(1) where a court may grant relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Dellatifa*, 357 F.3d 539 (6th Cir. 2004) (citing *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)). The Sixth Circuit has held Rule 60(b)(1) should be

"applied equitably and liberally to achieve substantial justice." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (citations omitted). "In deciding whether relief is warranted, three factors are relevant: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense." *Id*. (*citing United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).[1] The Court must determine first whether Petitioner is culpable before reaching the other two factors. *Id*.; *see also Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002).

After review, the Court finds Petitioner's actions were the result of excusable neglect rather than culpable conduct. "A party's conduct is culpable if it 'displays either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *Id*. Petitioner requested the Court dismiss his habeas petition without prejudice "so that post justice may be served in the Court of Appeals." (*See* Pet'r Mot to Dismiss.) The Court understands this to be a reference to Respondent's Confession of Error, in which Respondent admitted error in the trial court's decision to dismiss Petitioner's appeal against his wishes. (*See* Dkt. No. 54 at 3.) The Confession of Error also requested the Court issue an interim order giving the State court 90 days to appoint appellate counsel for Petitioner. (*Id*.) The Court finds Petitioner's request was excusable neglect because the request was not motivated by an intent to thwart judicial proceedings or made with reckless disregard. *Williams*, 346 F.3d at 613. It is clear from the record Petitioner was attempting to seek the remedy Respondent had proposed – an appeal to the Michigan Court of Appeals. Further, Petitioner's diligence in seeking relief from the Judgment weighs in favor of finding the conduct to be excusable neglect.[2] *Id*. Therefore, in

---

[1] The Sixth Circuit has held these principles, although derived from cases involving default judgments, were applicable to evaluate a case involving a habeas petition. *Id*. at 613 n.4.

[2] Petitioner filed the Motion within ten days of the entry of Judgment.

light of these circumstances, the Court finds that Petitioner's conduct was due to excusable neglect.

The Court also finds there is no prejudice to Respondent in granting Petitioner relief from the Judgment. In the present action, Respondent submitted to the Court the previously described Confession of Error. In the Confession, Respondent admitted error and requested the Court award Petitioner relief. Therefore, there can be no prejudice to Respondent in reinstating the action where he had already admitted to the trial court's error and requested the proposed remedy.

Finally, Petitioner has presented a meritorious claim or defense. "A claim or defense is 'meritorious,' if 'there is *some possibility* that the outcome of the suit after full trial will be contrary to the result achieved by the [judgment].'" *Id*. at 614 (citing *INVST Fin. v. Chem-Nuclear Sys*., 815 F.2d 391, 398-99 (6th Cir. 1987)). In the present action, as evidenced in Respondent's Confession of Error, there is more than the required *possibility* of an outcome contrary to the Judgment. Accordingly, the Court must hold Petitioner has presented a meritorious claim or defense.

Therefore, the Court finds that Petitioner has satisfied the factors under *United Coin Meter*, such that relief from the Judgment is appropriate under Rule 60(b)(1). The Court further notes it is inclined to grant the relief requested in Respondent's Confession of Error. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Stay the Judgment and Revival of the Proceedings (Dkt. No. 84) and Motion to Reinstate Habeas Corpus (Dkt. No. 94) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Order of Dismissal (Dkt. No. 83) is **VACATED** and the proceedings are **REINSTATED**. Any party which disagrees with the remedy requested in Respondent's Confession of Error (Dkt. No. 54) shall file a brief with the Court on the issue within 20 days of this Order.

DATED in Kalamazoo, MI:     /s/ Richard Alan Enslen
    April 13, 2007        RICHARD ALAN ENSLEN
                            SENIOR UNITED STATES DISTRICT JUDGE