UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BURVIN STEVENSON,

    Petitioner,

v.                                              Case No. 2:04-cv-31
                                              HON. RICHARD ALAN ENSLEN

FABIAN LAVIGNE,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner Burvin Stevenson filed this petition for writ of habeas corpus challenging the validity of his state court convictions for assault with intent to commit murder, possession of a firearm during the commission of a felony, and as a habitual offender. Petitioner was sentenced to a prison term of one year and seven months to 30 years and a term of two years on the firearm conviction. Petitioner maintains that his conviction was obtained in violation of his federal rights.

Petitioner raised the following issues in his petition:

I.   Petitioner's plea and conviction is invalid and devoid of constitutional protection under the Fifth and Fourteenth Amendment.

II.   Petitioner's Sixth Amendment right was violated due to ineffective assistance of counsel.

III.   Petitioner's conviction and sentence violate Supreme Court standards which is a direct violation of his constitutional rights.

Petitioner's amended petition raises the following claims:

I.   Where both defense counsel and the prosecution were informed of petitioner's psychiatric history, and where the issue of petitioner's competence to stand trial was raised before the start of the

preliminary examination for a competency hearing, and petitioner was later evaluated and ruled to be incompetent to stand trial, the district court and circuit court were without competent jurisdiction to proceed against petitioner to conduct a preliminary examination, bind petitioner over to circuit court, and to accept a plea of nolo contendere or sentence petitioner on the plea.

II. That on June 10, 1999, defendant was determined incompetent to stand trial. Nevertheless, subsequent court proceedings were held resulting in a jurisdictional defect wherefrom statutory mandates prohibit proceeding against defendant until which time it was determined defendant was competent to proceed in the criminal proceedings after proper mental health treatment was had in conjunction with statutory mandates governing time limitations.

III. That defendant was denied effective assistance of counsel when counsel failed to object to subsequent hearings to advance the criminal proceedings during the time period where there existed a question of defendant's competence, and after defendant had been determined incompetent.

IV. That it was prosecutorial misconduct to proceed against defendant during the time period when it was determined that defendant was incompetent to stand trial. As such the prosecutor actively participated in denying defendant due process of law, and further failed to remand as initially agreed at the district court preliminary examination.

V. The circuit court judge abused his discretion when a remand to district court was not ordered after defendant was determined incompetent to stand trial, and in accordance with the stipulation to remand that if defendant is found to not be competent at a time when he would be restored to competency the matter could be remanded, if necessary. That the necessity to remand exist for a proper determination of defendant's mental capacity at the time of the offense.

VI. That specific performance and strict compliance with statutory provisions is mandatory and judges are expected to adhere to all statutory provisions when conducting the business of the court, failure to do so without proper explanation and/or authority to deviate from statutory mandates results in substantial prejudice to defendant in the criminal proceedings requiring remand to cure the defect of any substantive procedural due process protections and other errors of law resulting from statutory violations.

Respondent has filed a confession of error because petitioner was denied appellate counsel by the trial court on August 9, 2001. Respondent requests that the court order the state court to appoint appellate counsel within 90 days. If appellate counsel is not appointed, the court should rule on petitioner's claims. Petitioner objects to respondent's suggestion for relief and wants the court to rule on the merits of his claims. A hearing was held on October 25, 2007, to consider petitioner's objections to the respondent's claim of error.

Petitioner more recently has filed a motion to dismiss his appointed counsel and a request for a restraining order or a preliminary injunction. A state court appeal has been filed by a State Appellate Defense Attorney. Petitioner asserts that the pending state appeal was filed without his consent. Petitioner asserts that State Court Judge Bosman has interfered in this case and appointed a state appellate attorney without petitioner's consent. Petitioner is also upset that his hearing dates have been adjourned in this case. Petitioner blames Assistant Federal Public Defender Peterson, who was appointed to represent petitioner in this proceeding, and requests that attorney Peterson be withdrawn as counsel in this case and that the court issue an injunction to end the state court appeal and bar Judge Bosman from intervening in this case.

At the hearing, however, petitioner could not decide whether he wanted the court to relieve attorney Peterson. Petitioner stated that if attorney Peterson did not want to represent him he would like attorney Peterson dismissed as counsel; however, if attorney Peterson would represent petitioner's interests, he would like attorney Peterson to continue as his counsel. Petitioner was given additional time and an opportunity to be heard at the hearing. Petitioner was unable to state whether or not he wanted attorney Peterson to represent him in this proceeding.

Respondent's counsel indicated that he initiated the state appeal by contacting Judge Bosman and the appeal started through the request of respondent's counsel. It appears that petitioner

- 3 -

would like the court to order the State to dismiss the appeal that has been filed on his behalf in the state court, and to proceed on the issues presented in this federal habeas action. Respondent has asserted that if the state action is prematurely dismissed, a motion to dismiss this habeas action would be filed for failure to exhaust state law appeals.

In *Simmons v. Kapture,* 474 F.3d 869 (6th Cir. 2007), the Sixth Circuit initially held that the decision in *Halbert v. Michigan,* 545 U.S. 605 (2005), requiring appointment of counsel after indigent defendants are convicted on guilty pleas, should apply retroactively on habeas review. The Sixth Circuit vacated that decision to consider the case en banc. The en banc review is currently pending in the Sixth Circuit.

There is currently a state court appeal filed on petitioner's behalf. Allowing that appeal to continue to conclusion may provide petitioner with the relief that he requests. Moreover, if petitioner is entitled to any relief, allowing the state courts to finish appellate review may provide petitioner with the fastest and only avenue to that relief. In the opinion of the undersigned, the recently filed state court proceeding is providing petitioner with appropriate relief from respondent's confession of error.

Accordingly, it is recommended that the court dismiss this petition for writ of habeas corpus without prejudice and allow petitioner to re-file his petition, if necessary, after the state proceedings are exhausted. It is further recommended that the motion to dismiss counsel and motion for temporary restraining order (Docket #121) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal

- 5 -

those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
       TIMOTHY P. GREELEY
       UNITED STATES MAGISTRATE JUDGE

Dated:   November 16, 2007

- 5 -

those issues or claims addressed or resolved as a result of the Report and Recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
    TIMOTHY P. GREELEY
    UNITED STATES MAGISTRATE JUDGE

Dated:   November 16, 2007