UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BURVIN STEVENSON,                                    Case No. 2:04-CV-31

                Petitioner,                   Hon. Richard Alan Enslen

       v.

FABIAN LAVIGNE,

              Respondent.                   **JUDGMENT**

_____/

      This matter is before the Court on Petitioner Burvin Stevenson's Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of November 16, 2007, which recommended dismissal of Petitioner's habeas corpus petition without prejudice due to lack of exhaustion.  The Court now reviews the Report, Objections, and pertinent portions of the record *de novo* pursuant to 28 U.S.C. § 636(b).  For the reasons set forth below and in the Report, the Court finds Petitioner's Objections to be without merit.

      A state court appeal was recently instituted by Michigan's State Appellate Defenders Office on behalf of Petitioner Burvin Stevenson.   This appeal followed a "Confession of Error" by Respondent Fabian LaVigne, in which Respondent acknowledged that the state trial court erroneously denied Petitioner appellate counsel in his state appeal.  Petitioner argues that the current appeal, for which counsel has been appointed, is being pursued against his wishes.  Moreover, Petitioner maintains he has properly exhausted all state court remedies and that his habeas corpus petition is properly before this Court.

      The Court adopts the Report's conclusion that habeas relief is not available to Petitioner at this time due to lack of exhaustion.  Along these lines, the Report correctly notes Petitioner's motion for temporary restraining order or preliminary injunction should be denied because the state appeal must

be completed before Petitioner can pursue a federal habeas remedy.  The Court also agrees with the Report that Petitioner's motion to dismiss counsel is moot since Petitioner abandoned this request during the October 25, 2007 hearing before the Magistrate Judge.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner.  *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined).  Under the statute and the Supreme Court's determinations in *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) and *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason.  Upon review of the issues raised, the Court determines that this standard is not met as to any of the grounds for relief asserted in the Petition for Writ of Habeas Corpus because of the lack of exhaustion.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Burvin Stevenson's Objections (Dkt. No. 142) are **DENIED**, the Report and Recommendation (Dkt. No. 131) is **ADOPTED**, the Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED** and **DISMISSED WITHOUT PREJUDICE**, and a certificate of appealability is **DENIED** as to all  grounds asserted.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Restraining Order/Preliminary Injunction (Dkt. No. 121) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Dismiss Counsel (Dkt. No. 121) is **DENIED** as moot.

DATED in Kalamazoo, MI:
    January 24, 2008

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

-2-